# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:19-cr-41-AW-MAL

BRIAN ASSI, et al.,

    Defendants.

_____/

## ORDER FOR DETENTION

Brian Assi is charged in a five-count Indictment with conspiracy to violate a federal trade embargo; attempted unlawful export; attempted smuggling; submitting false or misleading export information; and money laundering conspiracy. ECF No. 1. The charges all relate to his allegedly arranging an unlawful sale of oil rig equipment into Iran. He was arrested last month when entering the United States.

After Assi's arrest, a magistrate judge for the Northern District of Illinois (Case No. 1:23-cr-655) granted release, and the government immediately appealed, asking this court to revoke the release order. ECF No. 16; *see also* 18 U.S.C. § 3145 (noting that "[i]f a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order").

This court stayed the magistrate judge's order pending review and promptly held a telephonic hearing to address procedures for resolving the government's request. ECF No. 17. The government submitted a transcript of the detention

1

hearing. ECF No. 19 (Trans.). And Assi has now filed an amended response to the government's motion. ECF No. 23.

Having carefully considered the matter and the parties' arguments, and after a de novo review of the record (including the hearing transcript), the court now grants the government's motion, revokes the magistrate judge's release order, and directs that Assi remain in custody until further order. *See United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) ("[T]he reviewing court . . . may conduct a de novo review of the same facts and considerations that impelled the original magistrate's order.").

In a case like this—one not involving a presumption of detention—a defendant must be released "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). There are certain factors the court must consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required." *Id.* § 3142(g). Specifically, the court must consider "the nature and circumstances of the offense charged," "the weight of the evidence," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community" that release would pose. *Id.*

Review of detention decisions "present [] mixed questions of law and fact." *United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988) (quoting *United States v. Hurtado*, 779 F.2d 1467, 1471-72 (11th Cir. 1985)). Here, the magistrate judge made several purely factual findings and then concluded that there exists reasonable assurance that Assi will appear.[1] *Cf. United States v. Shakur*, 817 F.2d 189, 196 (2d Cir. 1987) (describing the determination of whether there are conditions sufficient to reasonably assure appearance of a defendant as a mixed question of law and fact). As set forth in more detail below, after my de novo review, I agree with the magistrate judge's purely factual findings. But I disagree with the magistrate judge's ultimate conclusion flowing from those purely factual findings. *Cf. Hurtado*, 779 F.2d at 1472 (distinguishing between "purely factual findings" and "mixed questions"). In this circumstance, I have determined no new evidentiary hearing is necessary. Moreover, although I raised the issue at the January 2 telephonic hearing on procedures, neither side requested a new evidentiary hearing.

I now adopt the magistrate judge's purely factual findings as follows: First, I find "the alleged offenses are serious." Trans. at 27. The magistrate judge found that the government's proffer outlined the case, and that the first factor (nature and

---

[1] The government sought detention based only on risk of flight, so the magistrate judge made no findings as to dangerousness. ECF No. 19-1 at 25. I likewise do not address dangerousness.

circumstances of the offense) "would support detention." *Id.* I agree, notwithstanding the fact that the charged offenses do not involve violence, controlled substances, or weapons.

Second, as to the next factor (weight of the evidence), the magistrate judge found "based on the government's proffer," that there was "evidence here that would support detention." *Id.* I agree and adopt this finding.[2]

Third, I agree with the magistrate judge's purely factual findings regarding the next factor (history and characteristics of this defendant). I adopt the findings that "the defendant is in good physical and mental condition"; that he "has been regularly employed"; and that he has "one son who is living in the Northern District of Illinois," who is a noncitizen but has been in the United States for several years and who has a job through October 2024. *Id.* at 28. I also adopt the findings that Assi is not a United States citizen, has not lived in the United States for any substantial amount of time, and has no documented criminal history.

---

[2] The magistrate judge concluded that under Seventh Circuit law (which of course bound the magistrate judge but does not bind this court), the weight of the evidence factor carried the least weight. Trans. at 26. I conclude the factor carries significant weight. *Cf. United States v. Zhang*, 55 F.4th 141, 152 (2d Cir. 2022) (noting that § 3142(g) "does not suggest any hierarchy among the various factors"); *Shakur*, 817 F.2d at 196 ("Determining the weight to be accorded to each factor in reaching the ultimate finding as to the existence of conditions 'is the special province of the trier of fact.'" (quoting *Inwood Laboratories v. Ives Laboratories*, 456 U.S. 844, 856 (1982))).

Having considered all the circumstances and evidence, I determine the government met its burden of showing by a preponderance of the evidence "that no condition or combination of conditions will reasonably assure the appearance of the person." 18 U.S.C. § 3142(e)(1). Most of the relevant facts appear undisputed. The seriousness of the charges and the weight of the evidence support detention. Assi faces an ICE detainer. Trans. at 34. He has no meaningful ties to the United States but has substantial ties to foreign countries. He has resources to flee. Although he reports modest personal assets (other than his 50% interest in a $1 million home in France), he has ready access to substantial resources. He has a brother (outside the United States) who already arranged for the posting of a $100,000 bond. He also has a friend (residing outside the United States) purportedly willing to pledge approximately $1.5 million in Florida real estate. ECF No. 23-2. He also has strong foreign family ties.[3] Given the seriousness of the charges, he also has strong incentives to flee.

---

[3] This was made clear at the hearing, where Assi introduced several family members, none of whom (save his son) lived in the United States. Moreover, the pretrial services report (of which Assi asks the court to take judicial notice, ECF No. 23 at 4) lists "strong foreign family ties" as a factor indicating "the defendant poses a risk of nonappearances." ECF No. 23-1 at 4. Other listed risk factors were "citizen of another country"; "dual foreign residences"; "foreign assets"; "possession of a foreign travel document and passport"; and "ICE detainer." *Id.*

Assi highlights his son's employment in Illinois and his son's willingness to serve as a third-party custodian. That is a meaningful factor, but in my judgment, it is not enough to avoid the conclusion that the government has shown enough. The adult son has little to lose if Assi flees, and he would have little ability to stop the flight. Assi also notes his willingness to execute an extradition waiver, ECF No. 23 at 13, but I find this to be of little help. *Cf. United States v. Epstein*, 425 F. Supp. 3d 306, 325 (S.D.N.Y. 2019) ("The Defense proposal to give advance consent to extradition and waiver of extradition rights is, in the Court's view, an empty gesture."). It would matter only after Assi successfully fled, and it is unclear that it would even operate effectively. *Cf. id.* ("According to the Government, 'The Department of Justice's Office of International Affairs is unaware of any country anywhere in the world that would consider an anticipatory extradition waiver binding. And, of course, the defendant could choose to flee to a jurisdiction with which the United States does not have an extradition treaty.'").

Assi also has offered to have a friend post additional financial security. This moves the needle somewhat, but not enough to support release.

In sum, having carefully considered all circumstances, the court concludes that the government has met its burden. The government's motion to revoke the release order (ECF No. 16) is GRANTED. Defendant Assi is committed to the custody of the Attorney General, or his designated representative, for confinement

in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Assi shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Assi to the United States Marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

Assi will be brought to this District promptly. Once he is here, if circumstances have changed in any meaningful way, he may seek a new determination as to detention.[4]

SO ORDERED on January 10, 2024.

s/ *Allen Winsor*
United States District Judge

---

[4] I note Defendant's argument that "[t]he defense is at a distinct disadvantage in rebutting the allegations at a stage where the government has had well over six years to investigate and prepare their case, while the defense's involvement is measured in days without discovery." ECF No. 23 at 7. If counsel develops new evidence or argument, counsel may file a new motion. Upon a new motion, the court may (if appropriate) conduct a new evidentiary hearing in this District. Based on the current record, though, the government has met its burden.